## Thompson v. County Controller

*Judson E. Ruch* and *John T. Miller*, for plaintiff.
*Budding & Yost*, for defendant.

ANDERSON, J., March 7, 1955.—In this action in mandamus plaintiff, John W. Thompson, chief clerk to the County Commissioners of York County, seeks to compel the county controller, James F. Lind, to pay him his salary at the rate of $5,500 annually as a result of a meeting of the York County Salary Board held

October 8, 1953, when his salary was increased from $4,250 annually. The controller states in his answer that he has refused to pay this increased salary for the reason that the meeting of the salary board on October 8, 1953, and the action thereat were illegal and void since all members of the salary board had not been notified of the meeting and the meeting was attended by but three of the four members thereof.

The testimony taken before the court by agreement* discloses that Mr. Hartman, one of the York County Commissioners and the absent salary board member who resides in Spring Grove, left York County on August 31, 1953, for a vacation and that he informed the other commissioners that he would be gone from four to six weeks but that he would definitely be at the meeting of the commissioners to be held October 13th, which had been set as an assessment appeal day. It is also apparent from the testimony that this meeting was not an annual or adjourned meeting of the board but a special meeting pursuant to the Act of May 2, 1929, P. L. 1278, art. III, as amended, and that Mr. Hartman had no notice of the meeting nor was any attempt made to notify him in any way.

The question presented is whether the meeting of October 8th was legally authorized and constituted a valid, legal and binding meeting of the board or whether it did not. Plaintiff argues that since the Salary Board Statute states specifically, "The decision of a majority shall govern", that the salary increase was duly authorized since two members of the three attending the meeting voted in favor and but one against the increase. Defendant contends that since it is admitted that no notice was given the fourth member, Mr. Hartman, of the special meeting, the action of the board was void ab initio. The law is very clear that all members of a municipal corporation or

---

* The propriety of the form of action was not raised.

board must have notice, personal or constructive, of all special meetings. It is one of the cardinal principles of parliamentary procedure and of municipal corporation law.

"Requirements as to the calling of special meetings are generally held mandatory and jurisdictional, and in case of failure to observe them, especially in the absence of notice as prescribed, the legislative body has no power to transact business. Unless the law otherwise provides, notice to each member of the body is required": McQuillen, Municipal Corporations, vol. 4, sec. 13.37.

Since the statute law relating to salary board meetings does not otherwise so provide the assumption is that the above rule applies. Our own research as well as that of counsel disclose that this precise question has never been decided by the courts in Pennsylvania with reference to salary boards but there is abundant authority that this is the prevailing rule in analogous situations. In Pike County v. Rowland, 94 Pa. 238, in which the validity of a special meeting of two members of the board of county commissioners, without notice to the third member, was before the court we find the following pertinent statement:

"The question presented . . . is, may two of the commissioners convene and lawfully transact business requiring deliberation, not according to adjournment, and without notice to or knowledge of the other? This concerns every citizen of the county as well as each member of the board.

"By law the affairs of the county are administered by three representatives. Absent members, equally with those who are present, are bound by whatever is done at a regular or stated meeting or any regular adjourned meeting. If the meeting be a special one, the general rule is that notice is necessary, and must be personally served, if practicable, upon every member

entitled to be present, so that each one may be afforded an opportunity to participate and vote. Such notice is essential to the power of the board to do any deliberative act which shall bind the corporation. If all have notice, two shall form the board, and their acts bind the absent as if it were a stated or adjourned meeting. Notice may be dispensed with by the presence and consent of all; and if one has quit the municipality, and has no family or house within its limits, notice to him is unnecessary: Dillon on Mun. Corp. Sects. 200. . . . All authorities seem to agree as to the general rule, unless there is a modification in the charter or statute. It applies alike to public and private corporations. Our statute, which declares that a majority shall form a board when duly convened in pursuance of notice or adjournment, is an enactment of the well-settled rule without adding to or taking from."

In Nason v. Directors of the Poor, 126 Pa. 445, which involved the legality of the actions of two of the three county directors of the Poor in the absence of the third and without notice to him, the Supreme Court of Pennsylvania stated:

"The meeting, however, was not a formal legal meeting of the Board. There were but two members present and the third had received no notice of it. . . . It hardly needs an argument to show that a public body, charged with important public duties, cannot transact their business in this loose way. If two of three Directors of the Poor could get together in a corner, without the presence of, or notice to, the other member, and bind the county by their informal, unofficial acts, it requires no prophetic vision to see that gross abuses would soon spring up and take root. It seems almost a waste of time to cite authority for so plain a proposition."

In a more recent case, Blackburn v. Pepper, 35 Del. Co. 32 (1947), a similar question was before the

court concerning the acts of two county commissioners and it was held that two county commissioners may not convene and transact business requiring deliberation, not according to adjournment and without notice to or knowledge of the other commissioner. Plaintiff relies heavily on Farrell v. Chervenak 69 D. & C. 401, which it is contended is similar to the situation presented here. However, it is readily distinguished from the case at bar, for there by stipulation of counsel the sole question before the court was the meaning of the following sentence from the Salary Board Act: "The decision of a majority shall govern." The court held that the above sentence had reference to the decision of a majority of a quorum of the board. No question was there raised as to the regularity of the meeting of the board itself. It is further contended that notice would have been futile since the testimony discloses that Mr. Hartman was actually traveling somewhere in the midwest. However, that is beside the point, for it is admitted by plaintiff's own witness that they made no attempt to notify him and that they did not know where he was and made no inquiry, although he had informed them he would be gone from four to six weeks and that he would definitely be at the meeting on the thirteenth, just five days after the date of this meeting. Spring Grove, the residence of Mr. Hartman, is approximately nine miles from York. He could very easily have returned from his trip at the end of four or five weeks and have been available at his home. He actually returned to York County on the eleventh. He testified that he was in constant communication with his daughter who resided at his home, who would have relayed any urgent matters to him. Had he received constructive notice of the meeting of the salary board and deemed it sufficiently important, he could, by using a plane, have been home in a matter of hours. One of the strange aspects of this case is the lack of any emergency or urgency in the situation involved.

Mr. Thompson had been the chief clerk for almost two years and has continued in that capacity to the present date. Why the question of an increase in his salary could not have been deferred five more days does not appear. It would seem that courtesy would have suggested awaiting Mr. Hartman's return unless there was some reason that the matter be disposed of in his absence. If board members can take advantage of a fellow member's absence to adopt measures which he is known to oppose without notice to him, this would indeed seem to be a sorry state of affairs. Whether or not Mr. Thompson should receive an increase in salary is not in any way before the court. It may well be that he is so entitled for there are many inequities in salaries among the courthouse personnel, but no salary may be increased or decreased by the salary board unless it is done in the manner prescribed by law.

We therefore find that the meeting of the salary board on October 8, 1953, was not an annual or adjourned meeting of the board but was a special meeting called by the president of the board. Mr. Hartman, one of the Commissioners of York County and by virtue thereof a member of the salary board, was not notified of the special meeting held on October 8, 1953, either personally or constructively. Since under the law every member of the salary board is entitled to notice of all special meetings thereof, the meeting of October 8, 1953, was not a properly called, and therefore legal meeting of the salary board, and the action taken thereat to increase the salary of John W. Thompson was illegal, null and void and of no effect. We therefore enter the following order:

And now, to wit, March 7, 1955, it is ordered, adjudged and decreed that the writ of mandamus and judgment sought by plaintiff against defendant are refused and judgment is entered in favor of defendant, James F. Lind, county controller, and against plaintiff, John W. Thompson, with costs of suit.